May 30, 1910.

---

No. 5048.

(Court of Appeal, Parish of Orleans.)

**U. MARINONI, JR., Receiver, vs. JOSEPH NUCCIO.**

G. M. Hornor for plaintiff and appellant.

Foster, Milling, Godchaux & Brian for defendant and appellee.

ST. PAUL, J.—This is a suit on an alleged subscription for stock. Defendant admits that he agreed verbally to take one share in the corporation, but denies that he ever agreed to take twenty as now called upon to pay for. He further admits that he signed the instrument herein sued on, which on its face now calls for twenty shares, but avers that he was induced to sign the same by the fraudulent representation that he was merely giving his name and address, he not being able to read without his spectacles, which were not handy at that moment.

Defendant produced two witnesses who testified that they were present or near by when he signed the paper and heard him repeat a number of times that he was subscribing for but one share.

For the plaintiff one witness testifies that defendant signed the subscription blank only after the same had been filled out and read to him, and with the full knowledge that he was obligating himself for twenty shares.

But this is contradicted by another witness, also produced by plaintiff, who testifies that defendant agreed to take but one share, and that, when the subscription was signed, the number of shares was left blank.

Very soon afterwards a controversy arose between defendant and the corporation about the number of shares for which he had subscribed. The directors did not yield expressly to his contention that he had subscribed for but one share, nor did they accept his offer to pay for a single share. But, on the other hand they did not tender him certificates for twenty shares or press the matter, and his name was dropped from the list of directors, although the charter had named him a member of that board.

The trial Judge concluded that defendant had established his version of the transaction by a preponderance of evidence sufficient to meet the burden of proof which

rested upon him, and gave judgment accordingly.

Whilst the evidence, coming to us in dead type and not from the mouth of the living witnesses, may not appear entirely convincing, our learned brother of the District Court saw and heard defendant and the witnesses in his favor and evidently believed them.

The opportunity which he thus had of observing their appearance and demeanor on the stand, entitles his estimate of their credibility to much greater weight than any which we ourselves might venture.

We may not lightly disregard his conclusions in that respect, and the record does not justify us in holding that he has manifestly erred.

The judgment appealed from must, therefore, be affirmed.

Judgment affirmed.

Godchaux, J. recused.

May 30, 1910.

Rehearing refused June 23, 1910.